

April 29, 2026

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York

   Re: *JKN Universe, LLC v. Omar Harfouch,* Case No: 1:26-cv-00316-AT

Dear Judge Torres,

   Mintz & Gold LLP represents Defendant Omar Harfouch in the above-referenced action. We submit this joint letter with Plaintiff Miss Universe Organization ("MUO"), pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices in Civil Cases, Rule II.D, to request an informal conference with the Court so that Defendant may request a stay of discovery or seek leave to file a formal motion for a stay, should one be necessary.  Defendant also writes, pursuant to Rule I.C of Your Honor's rules, to respectfully request an adjournment of the May 1, 2026, deadline for the parties to submit a Case Management Plan and Scheduling Order.[1]

**Defendant's Position**

   A stay of discovery is warranted and appropriate in this case for the compelling, straightforward reason set forth in Defendant's pre-motion letter (ECF 14): if this case had been properly brought in New York State court, as required by the binding forum selection clause in the parties' agreement (ECF 1-1), an automatic stay of discovery would be imposed under New York State's strict anti-SLAPP laws.  Defendant is mindful of the Court's default rule against staying discovery while a motion is pending.  However, Defendant does not seek a stay simply because he intends to file a motion to dismiss.  Instead, he is trying to prevent Plaintiff from improperly circumventing the consequences of the anti-SLAPP laws, which include not only an automatic stay of all discovery, but also prompt dismissal unless Plaintiff can demonstrate with substantial evidence, not just allegations, that Defendant published false statements with actual malice.

   Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  As Your Honor has noted:

---

[1] The original date for the Case Management Plan and Scheduling Order was March 17, 2026. (ECF 6.) Defendant's counsel was retained shortly before that date, and the parties jointly requested a schedule for pre-motion letters prior to Defendant filing a motion to dismiss. (ECF 13.)  The parties also requested the deadline for the Case Management Plan be adjourned to May 1, 2026, "if no pre-motion letters are filed."  The Court granted the extension of time to answer the Complaint and adjourned the Case Management Plan to May 1, 2026. (ECF 11.)  Defendant requests this further extension so the Court can consider Defendant's request for a stay.  Plaintiff's counsel does not consent to the current request and objects on the grounds that an extension would delay discovery and that Defendant should make his request for a stay in a space provided for other discovery items on page three of the Case Management Plan. Plaintiff declined to provide any authority for the suggestion that space on the form is the proper method for seeking a stay of discovery.

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c). . . . . "[A] court determining whether to grant  a stay of discovery pending  a  motion  must  look  to  the  particular circumstances  and  posture  of  each  case." *Id*. (citation omitted). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."

*Ghosh v. New York City Hous. Auth.*, 25-CV-04509, 2025 WL 2806836, at *2 (S.D.N.Y. Oct. 2, 2025) (Torres, J.) (citations omitted).  Here, the posture of this case, anti-SLAPP laws, and all other factors show good cause for a stay of discovery.

In short, the Court should not reward Plaintiff with a windfall for its forum shopping by permitting discovery to proceed, and strip Defendant of the protections he should rightfully receive under New York's anti-SLAPP laws.

If not stayed, the breadth of discovery required will be substantial.  It would include discovery related to the allegations of the Complaint, and some of the issues and defenses Defendant has already articulated in his pre-motion letter.  The Complaint alleges Defendant breached his contract with Plaintiff by not serving as a musical performer or judge at the 2025 Miss Universe pageant, and that Defendant made defamatory statements regarding the selection and advancement of contestants.  Discovery into alleged damages will be particularly burdensome because Plaintiff has implausibly alleged replacement damages as well as reputational and rehabilitation damages.  Factual and expert discovery would probe the reputational effect of many self-inflicted scandals, independently damaging MUO's reputational value, and allegations by others specifically regarding the selection and advancement of contestants.  For example, in its pre-motion letter, Plaintiff suggested that the value of licenses, of which there are many throughout the world, would have to be considered. (ECF 15 at 3.)  The defamation claim would also require substantial discovery into MUO's selection and advancement of candidates, and many relevant public statements by contestants, judges, licensees, news reports, recordings, and statements made by MUO.  Multiple time periods will be involved since MUO's own owners have publicly alleged that prior operators were corrupt.  Discovery will also likely be complicated and costly due to the distant locations of witnesses (some of whom have terminated their relationships with Plaintiff), recent and ongoing scandals including criminal actions involving MUO's owners (including a fugitive).

Plaintiff has not articulated any reason to oppose the stay other than delay in obtaining discovery.  This Court and others have consistently rejected mere delay as sufficient to show prejudice in opposition to a stay.  *See e.g.*, *Ghosh,* 2025 WL 2806836, at *2 ("There will be no prejudice to Plaintiff since, if the case is not dismissed, Plaintiff can obtain relevant and proportional discovery later."); *Campbell v. De La Torre*, 25-CV-1468 (LJL), 2025 WL 1594440, at *1 (S.D.N.Y. May 15, 2025) ("has not demonstrated he would suffer prejudice if discovery is stayed during the brief period of time necessary for the Court to decide the pending motion."); *O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (granting stay and rejecting argument that an almost one year delay due to briefing schedules on the motion to dismiss would constitute prejudice).

On the other hand, Defendant will be severely prejudiced if forced to spend funds on discovery even though he would automatically be protected from such costs had the case been brought in the proper forum. *See, e.g.*, *S.N. v. Integral Yoga Institute, Inc.*, 245 A.D.3d 536, 538 (1st Dep't 2026) ("the motion [to dismiss] 'shall be granted' unless the nonmoving party shows 'that the cause of action has a substantial basis in law'" and finding no "basis for discovery under the heightened burden to lift a discovery stay in a SLAPP action."); *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 186 (S.D.N.Y. 2024) (dismissing and awarding Defendant's attorney's fees under New York's anti-SLAPP laws).  Mr. Harfouch should not be prejudiced and forced to pay for discovery that may never happen if the Court dismisses this action in accordance with the parties' contractual selection of New York State Courts.  In addition to the imposition of substantial discovery costs on an individual defendant, denial of a stay would give Plaintiff an unfair substantive advantage if this case proceeds in state court.  ***For these reasons, Defendant respectfully requests that the Court hold a conference or issue a stay without the additional expense of a formal motion, but Defendant will submit a motion if necessary.***

While not yet fully briefed, the parties' pre-motion letters already demonstrate the strength of that branch of Defendant's anticipated motion seeking dismissal based on a forum selection clause, in addition to other reasons Plaintiff's case lacks merit. (ECF 14.)  Dismissal on that basis turns on Plaintiff's strained attempt to re-read that agreement to submit to the law of the "State of New York, United States of America," and submit to the exclusive jurisdiction "of its courts." (ECF 1-1.) Plaintiff would have the Court ignore the plain language and instead read that clause as referring to "State of New York" ***and independently*** "the United States of America."  The Court should determine if Plaintiff is entitled to proceed in this Court before requiring burdensome discovery that would be stayed in state court.  ***Indeed, despite two rounds of pre-motion letters, Plaintiff's counsel has indicated they are still considering re-filing this action in state court but have not yet been able to communicate about the issue with their client.***  Every factor, the case posture, and Plaintiff's own uncertainty supports a stay of discovery.

Finally, the Case Management Plan deadline of May 1 should be adjourned for the reasons above and because Plaintiff appears to still be unable to have a meaningful 26(f) conference, which should precede the submission of Case Management Plan.  Despite inquiry, Plaintiff has not identified the anticipated sources of its documents.  Problems may be anticipated when one owner of Plaintiff is a fugitive from Thai courts, and the other owner has been alternately fleeing and cooperating with the Mexican government against his criminal co-conspirators.  Other employees and agents of MUO appear to no longer be in the service of MUO, also raising questions about the availability of their documents and testimony.

Defendant Harfouch respectfully requests a stay of discovery and the adjournment of the May 1 deadline for the Case Management Plan and Scheduling Order.

Hon. Analisa Torres
April 29, 2026

**<u>Plaintiff's Position</u>**

Plaintiff does not consent to an adjournment of the deadline to submit a joint letter and case management plan with a scheduling order. The basis for Defendant's request for an adjournment is his desire to file a motion to seek stay of discovery pending this Court's resolution of defendant's not-yet-filed motion to dismiss. Briefing on this anticipated motion will not be complete until July 6, 2026. *See* ECF No. 16.

The discovery schedule in this case should not be further delayed by Defendant's unilateral desire to stay discovery until at least July 6, 2026. As this Court's form Civil Case Management and Scheduling Order makes clear in Item No. 5, "The Court will not stay discovery pending its decision on any motion." Further, Defendant cannot make the requisite "strong showing" that Plaintiff's claims are meritless to satisfy the good cause standard to stay discovery. *See e.g.*, *White v. UMG Recordings, Inc.*, No. 20-cv-09971-AT, 2021 WL 12284420 (S.D.N.Y. July 12, 2021) (denying motion to stay discovery pending resolution of motion to dismiss). Finally, if Defendant nevertheless seeks a stay of discovery, Defendant could do so in the joint letter and case management plan. *See, e.g.*, Form Civil Case Management and Scheduling Order, Item No. 13 (requested information on "Other items, including those in Rule 26(f)(3)").

Respectfully submitted,

*/s/Peter Guirguis*
Peter Guirguis