ARKTOUROS pllc

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/30/2026

9/30/2026

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

MEMO ENDORSED

**Re: *JKN Universe, LLC v. Harfouch*, Case No. 2026-cv-00316-AT-KHP; JKN Universe, LLC's Opposed Letter Motion to Adjourn the Scheduled October 5, 2026 CMC**

Judge Parker:

We write on behalf of JKN Universe, LLC ("JKN Universe") to request an adjournment of the October 5, 2026 Case Management Conference, originally set to address scheduling of the jurisdictional Rule 30(b)(6) deposition, service of objections, and the production of documents in connection with JKN Universe's citizenship (ECF No. 53). Harfouch opposes that relief. Alternatively, JKN Universe requests the ability to telephonically attend the Case Management Conference.

## I. Background

On August 14, 2026, Defendant Omar Harfouch ("Harfouch") filed a letter motion asking this Court to dismiss this case with prejudice, compel evidentiary submissions, and to award attorney's fees. (ECF No. 49). As such, Harfouch's August 14 letter motion violated this Court's Individual Practices in Civil Cases and the Local Rules. This Court terminated it and, attempting to address Harfouch's concerns regarding diversity jurisdiction, granted the parties limited jurisdictional discovery on that issue. August 17 Order (ECF No. 50). Under the August 17 Order, JKN Universe was ordered to produce documents establishing members of JKN Universe and their respective citizenship, and Harfouch was permitted a two-hour deposition of JKN Universe's corporate representative, both to occur by September 16, 2026. *Id.*

On September 14, 2026, Harfouch moved unopposed for an extension of the September 16, 2026 deadline. (ECF No. 51). This Court granted a one-month extension. (ECF No. 53).

## II. JKN Universe's Corporate Representative Deposition is Complete.

Before this Court granted Harfouch's letter motion for a continuance, on September 16, 2026, Harfouch moved forward with the deposition and took the deposition of JKN Universe's corporate representative Mauricio Rocha, lasting just over two hours. The corporate representative was prepared and answered questions regarding JKN Universe's New York office, corporate structure, its officers, and its business. The corporate representative also answered questions about JKN Universe's sole member, JKN Legacy Inc. ("JKN Legacy")'s corporate structure, board resolutions, director composition, the location of board meetings, and the geographical location and residency of its directors. Although not relevant to the diversity

citizenship analysis (because JKN Legacy is an incorporated entity), the witness also answered questions about JKN Legacy's shareholders and parent companies further up the corporate-ownership chain. The witness even answered inappropriate and irrelevant questions baselessly accusing the witness's father of engaging in criminal activity.

JKN Universe's representative was unable to answer only two areas of questions because no protective order was in place—neither of which area fell within the scope of the Court's August 17 Order. First, Harfouch's counsel asked questions about the details of an ongoing private and confidential arbitration in Delaware. Second, the Harfouch's counsel asked specific questions about the terms of a commercially sensitive licensing agreement that contains a confidentially provision. Before the deposition, on September 14, 2026, JKN Universe had offered that it and Harfouch enter into a standard confidentially agreement and order, and JKN Universe further offered to work on an expedited basis to complete it by September 15, 2026. But Harfouch responded that modifications to the standard order (allowing alterative use) were necessary, and the parties were unable to complete an agreement and seek an order in time.[1]

## III. JKN Universe has satisfied—and exceeded—the production requirements of this Court's August 17 Order.

This Court's August 17 Order was narrowly tailored and directed at expedited jurisdictional discovery. In addition to a deposition, this Court merely ordered JKN Universe to produce: "***documentation establishing the members of its LLC and their respective citizenship. .*** ." *See* August 17 Order (ECF No. 50) (emphasis added). On August 24, 2026, Harfouch served JKN Universe with overbroad and unduly burdensome written jurisdictional discovery requests for production that far exceeded the August 17 Order's scope. Examples include requesting internal communications and commercially sensitive information about parent companies that are levels-removed from JKN Universe and JKN Legacy. Harfouch's apparent justification for these wide-ranging requests is some form of "alter-ego" theory.

JKN Universe has nonetheless made the following document productions, which far exceed the August 17 Order's mandate in both time and substance:

- **Production 1** (August 31, 2026) consisted of videos and photographic evidence of JKN Universe and its parent's headquarters in New York, a press release announcing the headquarters' relocation, and Delaware Secretary of State corporate filings regarding JKN Universe's name change. JKN__000001–JKN_000006.

- **Production 2** (September 14, 2026) consisted of, among other things, corporate formation documents relating to JKN Universe and its sole member, JKN Legacy, additional name-change records for those entities, records showing JKN Universe's ownership, foreign-entity registration filings with New York's

[1] JKN Universe has since renewed that offer and, in the interest of avoiding burdening the Court with these matters, has offered to provide confidential Interrogatory responses to any remaining questions. Harfouch refused.

Secretary of State, the identity of JKN Legacy's directors, and JKN Legacy's Board of Directors resolutions showing personnel appointments. JKN_000006–JKN_000027. Production 2 alone substantially satisfied the Court's August 17 Order. *See* Order (ECF No. 50).

- **Production 3** (September 15, 2026) consisted of New York State Applications of Authority, New York State Division of Corporations assumed name and d/b/a forms, resolutions in the predecessor names of JKN Universe and JKN Legacy (stretching back to 2015,) New York State Certificate of Publication records, Board resolution for the predecessor named companies stretching back to 2016, JKN Legacy director resolutions regarding name change, Delaware certificates of incorporation and formation, and JKN Legacy Board resolutions appointing personnel for JKN Legacy and JKN Universe. JKN_000027–JKN_000042.

- **Production 4** (September 30, 2026) consisted of an updated Delaware certificate of good standing for JKN Legacy, an internal corporate organizational chart reflecting JKN Universe and JKN Legacy ownership structure and affiliated companies, and JKN Legacy board resolutions (including resolutions regarding bank accounts and financial permissions). JKN_000043–JKN_000068.

As such, JKN respectfully submits that it has already complied with—and far exceeded— the Court's narrow directive to produce "documentation establishing the members of its LLC and their respective citizenship. . ." *See* Order [ECF No. 50].

Finally, JKN Universe has located the following records—which it maintains fall outside the August 17 Order's scope—that it will nonetheless promptly produce in a Production 5, subject to a standard confidentiality agreement and protective order containing an attorneys-eyes-only designation: *JKN Universe's operating agreement (in predecessor name), JKN Legacy's by laws (in predecessor name), and a shareholders agreement relating to JKN Legacy.*

JKN Universe has grave concerns about the motive and true purpose behind Harfouch's invasive and far-ranging jurisdictional discovery requests. This case arose because of Harfouch's tendency to reflexively post defamatory content about JKN Universe and JKN Legacy to his millions of Instagram followers. *See* Compl. (ECF No. 1). Moreover, Harfouch is the "Publishing Director" of a French tabloid which, on a near daily basis, slanders JKN Universe, its affiliates, and its principals:




Some examples of the innumerable defamatory articles published by Harfouch include:

- **17 SEPTEMBER, 2026: Miss Universe: Nawat confirms our exclusive, Puerto Rico paid $1 million despite three alerts on an account linked to**

**fugitive Raúl Rocha** https://entrevue.fr/en/miss-univers/miss-universe-nawat-confirme-notre-exclusivite-puerto-rico-a-verse-1-million-de-dollars-malgre-trois-alertes-sur-un-compte-lie-au-fugitif-raul-rocha/

- **13 SEPTEMBER, 2026: Miss Universe – The President of the Puerto Rico Senate denounces the $8,7M given to fugitive Raúl Rocha: "scandalous and unacceptable"** https://entrevue.fr/en/miss-univers/miss-universe-le-president-du-senat-de-porto-rico-denonce-les-87m-au-fugitif-raul-rocha-scandaleux-et-inacceptable/

- **10 SEPTEMBER, 2026: Miss Universe: $3,27 million from Puerto Rico embezzled; Nawat publishes bank statements incriminating fugitive Raúl Rocha** https://entrevue.fr/en/miss-univers/miss-universe-327-millions-de-dollars-de-porto-rico-detournee-nawat-publie-les-releves-bancaires-qui-accablent-le-fugitif-raul-rocha/

- **9 SEPTEMBER, 2026: Miss Universe – "The money is gone." Nawat accuses fugitive Raúl Rocha of embezzling the organization's money for his own benefit.** https://entrevue.fr/en/miss-univers/miss-universe-the-money-is-gone-nawat-accuse-le-fugitif-raul-rocha-davoir-detourne-largent-de-lorganisation-a-son-profit/

- **18 AUGUST, 2026: Miss Universe: "Fake offices" in New York, "fake crowns" bought on eBay…Nawat urges people not to book for Puerto Rico 2026** https://entrevue.fr/en/miss-univers/miss-universe-faux-bureaux-a-new-york-fausses-couronnes-achetees-sur-ebay-nawat-appelle-a-ne-pas-reserver-pour-puerto-rico-2026/

Many of these articles' topics track Harfouch's requests for production and Harfouch's irrelevant lines of questing during the jurisdictional deposition of JKN's corporate representative, Mauricio Rocha.

JKN Universe believes that expedited jurisdictional discovery is complete and stands ready to defend its jurisdictional allegations, as well as to field and respond to any forthcoming, authorized Rule 12(b)(1) motion from Harfouch. Given that the two-hour deposition has occurred and in view of JKN Universe's numerous productions, JKN Universe respectfully submits that the original purpose of the October 5 Case Management Conference is now moot.

## IV. Alternate Request for Telephonic Appearance at the Scheduled Case Management Conference.

If this Court concludes that the Case Management Conference is still necessary in view of the above, JKN Universe respectfully requests that its counsel be allowed to attend telephonically. On October 5, 2026, undersigned counsel would otherwise be in Miami, Florida, and in Europe, respectively, and would have to travel a great distance to attend in person.

ARKTOUROS pllc

Respectfully submitted,

ARKTOUROS pllc

848 Brickell Avenue PH5-J72
Miami, FL 33131-1824
Telephone: (305) 709-2573

*/s/ Francis D. Murray*
FRANCIS D. MURRAY*
Florida Bar No. 108567
fmurray@arktouros.co
**Admitted Pro hac vice*

MICHAEL B. NADLER
New York Bar No. 5850532
mnadler@arktouros.co

*Attorneys for Plaintiff JKN Universe, LLC, d/b/a the Miss Universe Organization*

CC: All counsel of record (via ECF).

**APPLICATION GRANTED: The Case Management Conference in this matter scheduled for Monday, October 5, 2026 at 3:00 p.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York is hereby rescheduled to Monday, November 9, 2026 at 3:00 p.m.**

APPLICATION GRANTED

Katharine H Parker

Hon. Katharine H. Parker, U.S.M.J.
09/30/2026